■ JULIE PARUCH, Respondent, v BART D. KAPLAN, Appellant.—In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Nassau County (Becker, J.), dated October 24, 1988, which

granted the plaintiff's motion to vacate a judgment based upon her default in appearing for an examination before trial directed by this court.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is denied and the complaint is dismissed.

In our prior decision and order in this case *(Paruch v Kaplan,* 140 AD2d 417), we affirmed so much of a prior order as denied the defendant's cross motion to dismiss the complaint, "on condition that the plaintiff appear for a further examination before trial at a time and place to be specified in a notice of not less than 10 days to be given by the defendant, which examination shall be held within 60 days after the date of this decision and order". We further ordered *(supra,* at 417) that "in the event the condition is not complied with, then the order is reversed, on the law, with costs, the [plaintiff's renewed motion for summary judgment] is denied and the defendant's cross motion is granted". As the plaintiff failed to comply with the condition imposed by this court and failed to appear at a scheduled deposition after having been given five weeks' notice, by the self-executing provisions of our decision and order, dismissal of the complaint was mandated.

We further note that, in view of our prior decision and order, the Supreme Court had no authority to extend the time to hold the examination before trial *(see, Maracina v Schirrmeister,* 152 AD2d 502). Mollen, P. J., Brown, Lawrence and Spatt, JJ., concur.